## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOUSTON CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:25-cv-01331 |
| | ) | |
| v. | ) | |
| | ) | |
| EFFINGHAM COUNTY FAIR ASSOCIATION, | ) | |
| DEAN WETHERELL, GENE MILLEVILLE, | ) | |
| PHILLIP HARTKE, AND BETHANY FINN, | ) | |
| INDIVIDUALLY AND AS THE MOTHER | ) | |
| AND GUARDIAN OF HARPER FINN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Houston Casualty Company ("HCC"), for its Complaint for Declaratory Judgment, states as follows:

## NATURE OF THE ACTION

1.      This is a dispute regarding insurance coverage for a lawsuit filed by Defendant Bethany Finn ("Bethany") arising out of the tragic death of their daughter, Harper Finn ("Harper").

2.      On July 30, 2023, Harper was allegedly hit by the mobile starting gate used during a harness horse race organized by Defendant Effingham County Fair Association (the "Association"). Harper was severely injured as a result of being hit by the mobile starting gate and subsequently died on August 2, 2023.

3.      Bethany, both individually and as Special Administrator for the Estate of Harper Finn, subsequently sued the Association and three individuals, Dean Wetherell, Gene Milleville,

and Phillip Hartke in the Fourth Judicial Circuit Court for Effingham County, Illinois, under case number 2024 LA 45 (the "Lawsuit").

4.      The Association, Wetherell, Milleville, and Hartke (the "Insureds") have sought coverage for the Lawsuit from HCC under policy no. H23FAF110036-01, effective July 1, 2023 to July 1, 2024 (the "Policy").

5.      HCC disputes that the Policy provides coverage for the Lawsuit because the Policy contains an exclusion for bodily injury arising from the use of mobile equipment in organized racing.

6.      HCC therefore initiated this action to obtain a declaration that it has no duty to defend or indemnify the Association, Wetherell, Milleville, or Hartke in the Lawsuit.

7.      Despite its position, HCC has agreed to pay the fees and costs to defend the Association, Wetherall, Milleville, or Hartke have and will incur in connection with the defense of the Lawsuit pursuant to a reservation of rights that includes the right to withdraw from paying for the costs associated with the defense in the event the Court finds that HCC does not have a duty to defend the Insureds under the Policy.

## **PARTIES**

8.      HCC is an insurance company incorporated under the laws of Texas with its principal place of business in Texas.

9.      The Association is a not-for-profit corporation incorporated under the laws of Illinois with its principal place of business in Illinois.

10.     Wetherell is domiciled in Illinois.  The Lawsuit alleges that Wetherell is a member of the Association.

11.    Milleville is domiciled in Illinois.  The Lawsuit alleges that Milleville was a member of the Association and a race official for the harness horse race during which Harper was injured.

12.    Hartke is domiciled in Illinois.  The Lawsuit alleges that Hartke is a member of the Association and served as the fair board president.

13.    Bethany is domiciled in Illinois, and the mother of Harper and, upon information and belief, the legal representative of Harper's estate for purposes of the Lawsuit.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 2201, and 2202, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and HCC seeks declaratory relief with respect to a case of actual controversy within this Court's jurisdiction.  Complete diversity exists because HCC is a resident of Texas and each of the defendants is a resident of Illinois.

15.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), in that one or more Defendants are residents within this judicial district and a substantial part of the events or omissions giving rise to this action occurred within this district.

## THE HCC POLICY

16.    HCC issued insurance policy no. H23FAF110036-01 to the Association for the policy period from July 1, 2023 to July 1, 2024.  The Policy's general liability coverage is subject to a $5,000 deductible and has limits of $2 million per occurrence and $4 million in the aggregate.  A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

17.     The Insuring Agreement defines the scope of coverage provided by the Policy.

Section I. of the Comprehensive General Liability Insurance Coverage Part states:

>The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
>Coverage A. bodily injury or
>Coverage B. property damage
>to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

(Ex. A at HCC0061).

18.     The Exclusion section of the Comprehensive General Liability Insurance Coverage Part provides:

>This insurance does not apply:
>
>                                * * *
>
>
>(c)     To bodily injury or property damage arising out of:
>        (1) the ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or
>        (2) the operation or use of any snowmobile or trailer designed for use therewith;

(*Id.* at HCC0061).

19.     The Policy defines "mobile equipment" as follows:

>"mobile equipment" means a land vehicle (including any machinery or apparatus attached thereto) whether or not self-propelled, (1) not subject to motor vehicle registration, or (2)

4

> maintained for use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle; power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well serving equipment

(*Id.* at HCC0019).

### THE LAWSUIT

20.    On October 17, 2024, Bethany filed the Lawsuit.  The lawsuit was held in abeyance while the court handling a related action in Missouri addressed a motion to dismiss. Once the Missouri court granted the motion to dismiss, Bethan then filed the operative First Amended Complaint ("FAC") in this action on May 29, 2025.   A true and accurate copy of the FAC is attached hereto as **Exhibit B**.

21.    The FAC names the Association, Wetherell, Milleville and Hartke as defendants, as well as others not named as parties to this lawsuit, or otherwise discussed in this complaint, because they do not seek coverage from HCC. (Ex. B at HCC0107).

22.    The FAC generally alleges that, on July 30, 2023, the Association held a harness horse race on its property, that Harper was a spectator in the grandstands for the harness horse race when she was hit by the arm of the mobile starting gate used during the race, and that Harper died from her injuries on August 2, 2023. (*Id.* at HCC0107-0108).

23.    Based on its factual allegations, the FAC alleges causes of action against Wetherell, Milleville, and Hartke for wrongful death and survival. It further asserts a cause of action in respondent superior against the Association, alleging that the Association is liable for the torts of Wetherell, Milleville, and Hartke. (*Id.* at HCC0110 – 0113).

## INSURANCE COVERAGE DISPUTE

24.     The Association, Wetherell, Milleville, and Hartke seek insurance coverage from HCC for the Lawsuit under the Policy.

25.     Subject to a general reservation of rights, HCC agreed to pay for counsel retained by the Association, Wetherell, Milleville and Hartke to defend them against the Lawsuit and the related Missouri action.

26.     However, HCC disputes that it has any duty to defend or indemnify the Association, Wetherell, Milleville, and Hartke in connection with the Lawsuit and seeks to obtain a ruling that HCC is not required to continue to pay for their defense of the Lawsuit.

27.     An actual, present, and bona fide controversy exists between HCC, on the one hand, and the Association, Wetherell, Milleville, and Hartke, on the other hand, with respect to whether there is insurance coverage for the Lawsuit under the Policy.

28.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policy. In the event that the Court finds that HCC owes no duty to defend or indemnify the Association, Wetherall, Milleville, or Hartke for the Lawsuit, HCC will not continue to pay for the Insureds' defense of the Lawsuits.

## COUNT I – DECLARATORY JUDGMENT

29.     HCC incorporates by reference each and every allegation set forth in the preceding paragraphs 1 through 28 as though set forth fully herein.

30.     The Policy excludes from coverage bodily injury arising out of the use or operation of mobile equipment in organized racing.

31.     The FAC alleges that the starting gate is mobile equipment.

32.     The starting gate is mobile equipment.

33.     The FAC alleges that the starting gate was used in a prearranged and/or organized racing contest.

34.     The staring gate was used in a prearranged and/or organized racing contest.

35.     Based on the allegations in the FAC, Harper allegedly suffered bodily injury arising out of the "use . . .of any mobile equipment while being used in any prearranged or organized racing, speed or demolition contest."

36.     By reason of the foregoing, HCC has no obligation to defend or indemnify the Association, Wetherell, Milleville, or Hartke for the Lawsuit under the Policy.

## <u>RESERVATION OF RIGHTS</u>

The Policy contains terms, conditions, and exclusions that may be relevant to the Lawsuit but that are not currently implicated by this declaratory judgment action. Nothing in this Complaint should be construed as a waiver by HCC of any coverage defenses at law, in equity, or under the Policy.  HCC continues to reserve all rights with respect to any claim for coverage made under the Policy where appropriate and waives none.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, HCC, prays that this Court enter a judgment in its favor and against the Defendants, awarding the following relief:

a.     A declaration that HCC has no duty to defend the Association, Wetherall, Milleville, or Hartke in the Lawsuit;

b.     A declaration HCC has no duty to indemnify the Association, Wetherall, Milleville, or Hartke in the Lawsuit;

c.     For costs of suit incurred herein; and

d.    For such other and further relief at law or in equity that the Court deems just and proper.

Dated: July 7, 2025

Respectfully submitted,

HOUSTON CASUALTY COMPANY

By: /s/ David F. Cutter

David F. Cutter
Colleen P. Sorensen (admission to be sought)
Barbara M. Moore (admission to be sought)
BatesCarey LLP
191 North Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 762-3100
dcutter@batescarey.com
csorensen@batescarey.com
bmoore@batescarey.com