### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Houston Casualty Company, )<br>          Plaintiff/Counter-Defendant, )<br>    v. )<br>Effingham County Fair Association, Dean )<br>Wetherell, Gene Milleville, Phillip Hartke, and )<br>Bethany Finn, Individually and as Special )<br>Administrator of the Estate of Harper Finn, )<br>          Defendants/Counter-Plaintiff. ) | Case No.: 3:25-cv-01331 |

**JOINT MOTION TO STAY**

Plaintiff Houston Casualty Company ("HCC") and Effingham County Fair Association, Dean Wetherell, Gene Milleville, and Phillip Hartke (the "Insured Defendants") submit this joint motion and request that this Court enter an order granting a stay of all deadlines in this case until March 31, 2026 in light of an anticipated mediation effort in connection with the underlying case.

1. This is an insurance coverage dispute in which HCC seeks a declaration that it is not obligated to defend or indemnify the Insured Defendants in connection with an underlying lawsuit filed by Defendant Bethany Finn ("Finn") in the Fourth Judicial Circuit Court for Effingham County, Illinois, under case number 2024 LA 45 (the "Underlying Lawsuit").

2. Defendant Finn filed her Answer and Counterclaim on September 15, 2025, and HCC filed its Answer to Finn's Counterclaim on October 6, 2025. Pursuant to the agreement between HCC and the Insured Defendants, the Insured Defendants have not filed their Answers pending the mediation in the underlying case.

3. The Court's September 29, 2025 order requires the parties to file a joint report and proposed scheduling order on October 27, 2025, and to select a mediator by November 24, 2025.

4. Due to developments in the Underlying Lawsuit, Plaintiff HCC and the Insured Defendants seek to stay the deadlines in the Court's September 29, 2025 order and any other deadlines in this case. However, Defendant Finn has informed HCC and the Insured Defendants that she objects to this motion to stay.

5. The parties to the Underlying Lawsuit anticipate completing discovery by the end of 2025, and they have agreed to conduct and conclude mediation during the first quarter of 2026. HCC intends to participate in the mediation and pursue a resolution of the coverage dispute, which, if successful, may resolve this action.

6. In light of the ongoing discovery and anticipated mediation in the Underlying Lawsuit, HCC and the Insured Defendants request that this Court stay all proceedings and all current deadlines in this matter until and through March 31, 2026.

7. HCC and Insured Defendants believe that a stay of this matter is in the interests of judicial economy. Moreover, HCC and Insured Defendants are the parties to the subject insurance coverage and believe that a stay of this matter is appropriate and may help position this mater and the underlying matter for resolution.

8. HCC and the Insured Defendants further propose that, within fourteen (14) days of the conclusion of mediation in the Underlying Lawsuit or, in any event, no later than April 15, 2026, the parties file a joint status report advising the Court of the status of the settlement efforts and/or propose a schedule for this action.

9. In the alternative, if this Court denies the motion to stay, HCC and the Insured Defendants request this Court (1) provide the Insured Defendants with fourteen (14) days from ruling on the motion to stay to file their response to the complaint; (2) extend the deadline to file the joint report and proposed scheduling order to fourteen (14) days from the date that Insured Defendants file their response to the complaint; and (3) and extend the deadline to select a mediator to twenty-eight (28) days after the parties file the joint report and proposed scheduling order.

10. WHEREFORE, Plaintiff, Houston Casualty Company and the Insured Defendants, respectfully request that this Court enter an Order (1) staying this case (and all case management deadlines) until and through March 31, 2026; and (2) requiring the parties to file a joint status report within fourteen (14) days of the conclusion of the mediation in the Underlying Lawsuit or no later than April 15, 2026 advising the Court of the status of the settlement effort and proposing a schedule for this action.   In the alternative, if this Court denies the motion to stay, HCC and the Insured Defendants request this Court (1) provide the Insured Defendants with fourteen (14) days from ruling on the motion to stay to file their response to the complaint; (2) extend the deadline to submit the joint report and proposed scheduling order to fourteen (14) days from the date that Insured Defendants file their response to the complaint; and (3) and extend the deadline to select a mediator to twenty-eight (28) days after the parties file the joint report and proposed scheduling order.

Dated: October 27, 2025          Respectfully submitted,

                                            HOUSTON CASUALTY COMPANY

                                            By:     /s/ David F. Cutter
                                                      David F. Cutter
                                                      Colleen P. Sorensen (admission to be sought)
                                                      Barbara M. Moore (admission to be sought)
                                                      BatesCarey LLP
                                                      191 N. Wacker Drive, Suite 2400
                                                      Chicago, IL 60606
                                                      Telephone: (312) 762-3100
                                                      dcutter@batescarey.com
                                                      csorensen@batescarey.com
                                                      bmoore@batescarey.com

                                            INSURED DEFENDANTS

                                            By:     /s/ Christopher A. Koester (by agreement)
                                                     Christopher A. Koester
                                                      Taylor Law Offices, P.C.
                                                      122 E. Washington Avenue
                                                      P.O. Box 668
                                                      Effingham, Illinois 62401
                                                      koester@taylorlaw.net

## **CERTIFICATE OF SERVICE**

The undersigned states that a copy of the foregoing document was served on all counsel using the Case Management/Electronic Case Files (CM/ECF) system on October 27, 2025.

                                                                            /s/ David F. Cutter